**INDUSTRIAL INDEMNITY, Plaintiff,**

v.

**Robert SNYDER, et al., Defendants.**

**No. C–82–975–JLQ.**

United States District Court, E.D. Washington.

May 4, 1984.

As Modified May 10, 1984.

Michael Kovach, Dept. of Justice, Washington, D.C., for plaintiff.

Paul Allison, Peter Grabicki, Spokane, Wash., for defendants.

### ORDER GRANTING SUMMARY JUDGMENT

JUSTIN L. QUACKENBUSH, District Judge.

Defendant Internal Revenue Service's (IRS) Motion for Summary Judgment came on as scheduled without oral argument on April 23, 1984. The IRS was represented by Michael Kovach. The only response to this motion was filed by Paul Allison and Peter Grabicki on behalf of defendant Robert Snyder.

### BACKGROUND

The IRS seeks judgment as a lien creditor of A.G. Murphy's in the amount of $89,218.66. This sum represents delinquent tax liabilities assessed against A.G. Murphy's during the years 1980, 1981 and 1982 plus penalties imposed as of October 24, 1983, the date an involuntary bankruptcy petition was filed against the corporation.[1] This court has previously granted summary judgment in the government's favor (but has disbursed no funds) to the extent of all unpaid taxes and penalties accrued through November 4, 1982, the filing date of this interpleader. (Ct.Rec. 397). The IRS now seeks an additional

---

**1.** On February 28, 1984 the bankruptcy court apparently lifted the automatic stay, allowing the IRS to pursue its present Summary Judgment Motion.

$3,553.13 which represents the computed penalty from November 4, 1982 until October 24, 1983. Defendant Snyder opposes the IRS's demand for this additional sum.

This dispute arises out of the language of 26 U.S.C. § 6651(a)(2) which states in pertinent part:

§ 6651. Failure ... to pay tax.

(a) Addition to the tax. In case of failure—

(2) to pay the amount shown as tax on any return ... *on or before the date prescribed for payment of such tax,* ... *unless it is shown that such failure is due to reasonable cause and not due to willful neglect,* there shall be added to the amount shown as tax on such return 0.5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; ...

(Emphasis added).

The IRS construes the underlined portion of Section 6651(a)(2) to mean that a penalty shall be imposed for each month the taxes remain unpaid after the due date unless, *on that date,* the taxpayer's non-payment was due to "reasonable cause". In other words, the IRS looks to the date the tax was due, determines whether reasonable cause existed for non-payment, and, if not, the penalty is computed on a monthly basis until payment—regardless of any subsequent changes in the taxpayer's circumstances.

Defendant Snyder, on the other hand, argues that the "reasonable cause" standard is to be applied not only at the due date but at each subsequent month until payment. Thus, under Snyder's interpretation the imposition of the monthly penalty must cease at any time the taxpayer is able to satisfy the "reasonable cause" standard—even if "reasonable cause" did not exist on the date the taxes were due.

It is undisputed that A.G. Murphy's failure to pay the taxes when due was not based on a "reasonable cause". In fact, defendant Snyder concedes that no "rea-sonable cause" existed and the penalty was properly assessed until November 4, 1982, the date this interpleader action was commenced. After that date, however, Snyder argues that any penalty was improper since the corporate assets were tied up in the interpleader leaving the corporation unable to pay the delinquent taxes, *i.e.,* a "reasonable cause" for non-payment.

## DISCUSSION

The resolution to this motion requires a sequential analysis. At the first step, the court must determine whether the "reasonable cause" standard is, as the IRS contends, a one-time test to be passed or failed at the tax due date; or, whether the taxpayer has as many chances at penalty immunity as there are months in the delinquency period. If the former, then the inquiry ends and the government's motion must be granted. But, if defendant Snyder is correct and the "reasonable cause" standard is to be applied on a month-to-month basis, the second step must focus on whether this interpleader constitutes "reasonable cause". There is a body of case-law of tangential assistance as to the second step; the issue posed at the first step, however, appears to be one of first impression.

Of course, the IRS interpretation of § 6651(a)(2) must be accorded substantial deference. This is so because "Congress has delegated to the Commissioner, not to the courts, the task of prescribing 'all needful rules and regulations for the enforcement' of the Internal Revenue Code." *United States v. Correll,* 389 U.S. 299, 307, 88 S.Ct. 445, 449, 19 L.Ed.2d 537 (1967). The Commissioner's regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statute. *National Muffler Dealers Ass'n. v. United States,* 440 U.S. 472, 477, 99 S.Ct. 1304, 1307, 59 L.Ed.2d 519 (1979). Here, however, neither the statute, its legislative history, S.Rep. No. 91–552, 91st Cong., 1st Sess. (1969) 1645 at 2027, 2037, 2336–37, 2455, U.S.Code Cong. & Admin.News 1969, nor the applicable regulation, 26 C.F.R.

§ 301.6651–1, squarely addresses the question of when the "reasonable cause" standard is applied. The regulation does, however, contain language which lends inferential support to the government's argument. For example, at subsection (a)(1), (3) the regulation reads:

> In case of failure to pay any amount in respect of any tax required to be shown on a return specified in subparagraph (1) of this paragraph (a), which is not so shown ... within 10 days from the date of the notice and demand therefor ... there shall be added to the amount stated in the notice and demand the amount specified below *unless the failure to pay the tax within the prescribed time is shown to the satisfaction of the district director or the director of the service center to be due to reasonable cause and not to willful neglect.*

(Emphasis added). And, at subsection (c)(1) the Commissioner states:

> A taxpayer will be considered to have exercised ordinary business care and prudence if he made reasonable efforts to conserve sufficient assets in marketable form to satisfy his tax liability and nevertheless *was unable to pay all or a portion of the tax when it became due.*

(Emphasis added).

When read against the backdrop of the Congressional purpose behind the penalty provision, *i.e.,* to encourage the payment of taxes when due, *see* U.S.Code & Admin. News, *supra* at 2336–2337, this court concludes that the regulation and the statute must be construed in favor of the IRS's position here. Consequently, since the parties agree that "reasonable cause" did not exist on the dates "prescribed for payment" of A.G. Murphy's taxes, the subsequent penalties were properly assessed through October 24, 1983. Accordingly, the IRS's Motion for Summary Judgment is GRANTED.

The custodian of the interpled fund is DIRECTED to issue a check payable to the Internal Revenue Service in the amount of $92,771.79.

IT IS SO ORDERED. The Clerk is directed to enter this Order and forward copies to counsel.